## Sophia W. Leavitt *versus* Samuel L. Lamprey.

Where the only words relating to the wife in a deed executed by husband and wife, were — " In witness whereof I the said S. F. L. with S. my wife, in token of her assent thereto, have hereunto set our hands and seals," — it was *held* that her right of dower was not released.

Where of two widows entitled to dower in the same land, the one having the elder title recovered judgment for her dower, but without having it set off to her, released it to the tenant, and then the other widow sued for her dower, it was *held* that the latter was entitled to dower in only two thirds of the land.

In a writ of dower damages are recoverable from the time of a demand of dower made on the tenant of the freehold at the time of the demand ; and not from the time of a demand on one who was tenant of the freehold at the death of the husband but not when the demand was made.

Writ of dower, counting 1. on a demand of dower upon William Graves ; 2. on a demand of dower upon the tenant.

The parties agreed, that Thomas Leavitt, being seised in fee of the premises, conveyed the same to Samuel F. Leavitt on April 20, 1818, and died in March 1830, his wife Mary Leavitt surviving. At April term 1831 of this Court, Mary Leavitt recovered judgment for her dower in the premises, against the tenant, and on May 11, 1831, she conveyed to him her right of dower, the same not having been set out to her.

On April 3, 1819, Samuel F. Leavitt conveyed the premises in fee and in mortgage to one Withington, his wife Sophia W. Leavitt, the demandant, not being party to the conveyance. In July 1819, Withington assigned the mortgage to one Wildes, and Wildes to one Goddard.

On April 20, 1821, Samuel F. Leavitt made a new deed to Goddard, to correct an erroneous description of one of the parcels of land conveyed in the deed to Withington, 'n which deed to Goddard the demandant joined, in the following words : — " In witness whereof I the said Samuel F. Leavitt, with Sophia my wife, in token of her assent thereto, have hereunto set our hands and seals."

Goddard afterwards conveyed to one Graves, and Graves to the tenant.

Samuel F. Leavitt died while Graves was seised in fee of the premises.

On June 17, 1830, the demandant demanded of the tenant, who was seised in fee of the premises, to have her dower therein assigned to her ; and on July 28, 1831, she in like manner demanded of Graves to have her dower assigned to her.

*Crosby* contended, that as the judgment in favor of Mary Leavitt had never been executed, the demandant was entitled to one third of the whole land for her dower ; *Geer v. Hamblin,* 1 Greenl. 54, note ; and that the words in the deed in which she joined with her husband, could not operate to convey her right of dower. *Fowler v. Shearer,* 7 Mass. R. 14 ; *Catlin v. Ware,* 9 Mass. R. 218 ; *Lufkin v. Curtis,* 13 Mass. R. 223 ; *Powell v. Monson &c. Man. Co.,* 3 Mason, 347.

*Marston,* for the tenant, cited to the point that the demandant was dowable, if at all, in only two thirds of the land, 1 Thomas's Co. Lit. 663 ; and to show that she had released her dower by her deed, *Stearns v. Swift,* 8 Pick. 532 ; 2 Com. Contr. 534 ; and he contended that damages could be claimed only from the time of the demand on Graves ; *Parker v. Murphy,* 13 Mass. R. 485.

WILDE J. delivered the opinion of the Court. Upon the facts agreed we are of opinion, that the demandant is well entitled to recover, but not to the full extent of her claim. The dower of Mary Leavitt, widow of Thomas Leavitt, the plaintiff's husband's grantor, is paramount to her title. And it is agreed that the right of Mary Leavitt was conveyed to the tenant after she had recovered judgment against him for her dower in the premises. The tenant therefore is entitled to have one third of the premises assigned to him by metes and bounds, to hold in right of Mary Leavitt during her life, and in the remaining two thirds the plaintiff is now entitled to recover her dower. Her right is not barred by her husband's deed to Goddard, in which she joined ; for t contains no release of her right, nor words of conveyance by her ; she only assents to the correction of a mistake in a former deed of her husband, to which she was not a party. Nor can her assent thus given operate against her by way of estoppel. We are not to inquire what was her motive and intention in joining in a deed with her husband, for her

---

Leavitt
*v*
Lamprey.

*Nov. 9th.*

*Nov. 10th*

Leavitt
*v.*
1 amprey.

right of dower is not to be barred by any supposed intention not manifested by the words of the deed ; and thus it was decided in *Catlin* v. *Ware*, 9 Mass. R. 220, and in *Lufkin* v. *Curtis*, 13 Mass. R. 223.

As to the question of damages, it is quite clear by the statute of 1828, *c*. 137, § 5, that damages are to be assessed for the detention of dower, from the time of the demand made on the tenant. He was then tenant of the freehold, and the demand on him was in strict compliance with the express provision of the statute. It has been supposed that a different rule of damages would be adopted under the statute of 1783, *c*. 40, which requires the demand to be made on the person having the next immediate estate of freehold and inheritance. The construction of that statute is somewhat doubtful, but the statute of 1828 is clear and explicit, and was in force when the demand in this case was made on the tenant.

*Judgment for demandant.*